# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VALLEY ENTERTAINMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3470 |
| | ) | |
| WENDI FRIESEN and | ) | |
| WENDI.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment on Count I, motion for summary judgment on Counts II, III, and IV, and partial motion for summary judgment seeking to limit the damages recovery. This matter is also before the court on Defendants' motion to strike. For the reasons stated below, we grant Defendants' motion for summary judgment on Count I, grant Defendants' motion to strike, and deny without prejudice Defendants' other motions for summary judgment.

1

## BACKGROUND

Plaintiff Valley Entertainment Inc. (Valley) alleges that it is a record label and music publishing company. Valley claims to own the copyright to the master recordings of the songs "Resurrection," "In Paradiso," and "Primitive Silence," (collectively referred to as "Copyrighted Songs") that were composed by the artist Raphael. Defendants Wendi Friesen (Friesen) and Wendi.com allegedly produced and sold compact discs entitled "Happy Tummy" and "Zen of Thin Weight Release Program" (collectively referred to as "Friesen CDs"). (Compl. Par. 9). Valley claims that portions of the programs on the Friesen CDs included the Copyrighted Songs, and that Defendants used the Copyrighted Songs without permission. Valley includes in its complaint federal copyright infringement claims (Count I), common law copyright infringement claims (Count II), *quantum meruit* claims (Count III), and unjust enrichment claims (Count IV). Defendants have filed a motion for summary judgment on Count I, a motion for summary judgment on Counts II, III, and IV, and a partial motion for summary judgment seeking to limit Valley's recovery to a single statutory damages award.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most

favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-

moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  Federal Copyright Infringement Claims (Count I)

Defendants move for summary judgment on the federal copyright infringement claims (Count I).  For a federal copyright infringement claim , a plaintiff must establish: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Schrock v. Learning Curve Intern., Inc.*, 586 F.3d 513, 517 (7th Cir. 2009)(quoting in part *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

A.  PA Classification of Valley's Copyright

Defendants argue that Valley has failed to point to sufficient evidence to show an infringement of Copyright No. PAu 937-523, the only copyright identified prior to Valley's response to the instant motions for summary judgment.  As Defendants correctly point out, a "PA" class copyright covers words and arrangements of sheet music, but the registration of such a copyright does not cover sound recordings of

the words or music on the sheet music. *See, e.g., Johnson v. Hill*, 619 F. Supp.2d 537, 540, n.2 (N.D. Ill. 2008); *Johnson v. Arista Holding, Inc.*, 2006 WL 3511894, at *2, n.4 (S.D.N.Y. 2006)(explaining that a PA copyright applies to the underlying composition, not the "master recording or physical embodiment of a musical performance"); *Sonja-Kaplan Productions, Inc. v. Zippi*, 1988 WL 92871, at *7 (E.D. Pa. 1988)(stating that [t]he administrative regulations promulgated by the Copyright Office place musical works into Class Pa: Works of the Performing Arts, while sound recordings are assigned a separate class" and "a Class PA copyright cannot, under the regulations, be construed to include the sound recording of the work").

Valley has not pointed to sufficient evidence to show that Defendants copied the sheet music of the Copyrighted Songs. Valley's case is premised upon the copying of the sound recordings of the Copyrighted Songs. Valley has thus failed to point to sufficient evidence to show an infringement of Copyright No. PAu 937-523, the copyright relied upon by Valley prior to responding to Defendants' motions for summary judgment.

### B. Newly Disclosed Copyright

Valley disclosed Copyright No. SR 107-850 in its response to Defendants' motions for summary judgment. Valley does not contest that it has not presented

sufficient evidence to show an infringement of Copyright No. PAu 937-523. Instead, Valley now contends that it can show it owns Copyright No. SR 107-850, and that Defendants infringed on the copyright. (Ans. SJ I 8); (RSF SJI Par. 10). Defendants object to Valley's newfound reliance on Copyright No. SR 107-850. Defendants argue that they will be severely prejudiced if Valley is allowed to introduce Copyright No. SR 107-850 at this juncture. Defendants have also moved to strike the copyright registration for Copyright No. SR 107-850. Defendants have pointed to an extensive list of interrogatories, requests for production, correspondence, Valley's discovery responses, and oral statements made on the record show that Valley should have disclosed its copyright infringement claims on Copyright No. SR 107-850 much sooner than in its response to Defendants' motions for summary judgment. Defendants also filed a motion to compel during the discovery period seeking to compel Valley to produce relevant information, which would have included Valley's reliance on Copyright No. SR 107-850. The magistrate judge denied the motion without prejudice, but ordered the parties to meet the court's discovery deadlines and ordered Valley to provide complete and supplemental responses to Defendants' outstanding discovery requests. (DE 51). Yet Valley failed to properly identify Copyright No. SR 107-850 and only raised the claim in its response to Defendants' motions for summary judgment.

Valley argues that the court can take judicial notice of Copyright No. SR 107-850 since it is a matter of public record and since it is accessible by all parties. The fact that the copyright is in the public record or is available to the public, including Defendants is immaterial. Valley's failure to identify Copyright No. SR 107-850 in its complaint or during the extensive discovery period, which we note was extended at Valley's request, has created prejudice to Defendants and potential delay in these proceedings. Defendants had no duty to try to guess which copyright, out of all the copyrights in the public record, formed the basis of Valley's copyright infringement claims.

Valley also argues that it is allowed to supplement its discovery responses under Federal Rule of Civil Procedure 26(e)(Rule 26(e)), and thus, the introduction of the new copyright at this juncture is permissible. Rule 26(e) in fact allows a party to supplement responses, but only if done "in a timely manner. . . ." Fed. R. Civ. P. 26(e). Valley also contends that in certain requests to admit, Valley mentioned Copyright No. SR 107-850 and Defendants never raised an issue as to the relevancy of the copyright. Valley contends that under Rule 26(e), Valley did not need to supplement its discovery responses unless it was notified that its discovery submissions were incomplete. It was not incumbent on Defendants to attempt to guess Valley's copyright infringement claims. Nor would it have been proper for

Defendants to make assumptions concerning the intention of Valley to rely on Copyright No. SR 107-850 as the basis for its claims, or advise Valley on how to proceed with Valley's own case. Defendants' understanding that Valley was not relying on Copyright No. SR 107-850 was justifiably reinforced by the fact that, on numerous occasions, Valley failed to identify Copyright No. SR 107-850 as the basis for its copyright infringement claims. Valley thus failed to comply with Rule 26(e). Valley's belated attempt to supplement its discovery responses in the midst of summary judgment briefing is untimely and Valley has not provided sufficient justification for the late disclosure. In addition, aside from Valley's failure to properly supplement its discovery responses, Valley failed to comply with the magistrate judge's order for discovery production or with this court's discovery deadlines. *See* Fed. R. Civ. P. 37(b)(indicating that dismissal is an option); *In re Thomas Consolidated Industries, Inc.*, 456 F.3d 719, 724 (7th Cir. 2006)(explaining considerations for a dismissal under Rule 37).

Valley also argues that it did not have possession of a copy of the registration for Copyright No. SR 107-850 until after Defendants moved for summary judgment. Again, Valley's argument is misplaced. Regardless of whether Valley had physical possession of the copyright registration, Valley has not introduced any reason why Valley could not have properly notified Defendants at the pleadings stage, or at least

during discovery, that the copyright infringement claims are based upon Copyright No. SR 107-850.

Valley also argues that under the notice pleading standard, it is not required to plead all the facts for its claims. (Ans. SJ 4-5). Valley contends that it has pled sufficient facts to state a copyright infringement claim. (Ans. SJ 4-5). We agree that Valley provided certain facts concerning copyright infringement claims. However, the facts provided by Valley alleged an infringement of Copyright No. PAu 937-523. Defendants were not placed on adequate notice of Valley's reliance on Copyright No. SR 107-850. In addition, we are no longer at the pleadings stage. Valley must present sufficient evidence to support its copyright infringement claims at the summary judgment stage and cannot rely on the notice pleading standard to defeat Defendants' motions for summary judgment.

In addition, Valley argues that "if claims that are not raised in the pleadings are tried (or pretried) by the parties, 'they shall be treated in all respects as if they had been raised by the pleadings.'" (Ans. SJ)(quoting in part *Bannon v. University of Chicago*, 2006 WL 1722374, at *6 (N.D. Ill. 2006)). However, in *Bannon*, which is quoted by Valley, the court was quoting Federal Rule of Civil Procedure 15(b) (Rule 15(b)). 2006 WL 1722374, at *6. Rule 15(b) applies to amendments proposed during and after a trial, and is thus not applicable to the instant motion. Fed. R. Civ.

P. 15(b).  Also, the language quoted from Rule 15(b) in *Bannon* relates to issues tried by the express or implied consent of the parties.  *Id.*  In the instant action, Valley has not shown any express or implied consent by Defendants to allow the amendment of the complaint.  Valley also relies on *Torry v. Northrop Grumman Corp.*, 399 F.3d 876 (7th Cir. 2005), in which the court indicated that if the parties implicitly agreed to an amendment, there could be a constructive amendment to the pleadings.  *Id.* at 878.  However, in the instant action, Valley has not shown that the parties implicitly agreed to an amendment, and therefore, Valley has not shown that the pleadings were constructively amended.  Thus, Valley has not shown that its proposed amendments should be treated as if they were originally included in the complaint.

Valley finally argues that Defendants have not shown how they were prevented from preparing an adequate defense based on the untimely disclosure of Copyright No. SR 107-850.  Contrary to Valley's contention, Defendants have explained why they will be prejudiced.  Due to Valley's late disclosure of Copyright No. SR 107-850, Defendants were deprived of the opportunity to conduct discovery and prepare defenses that would specifically pertain to Copyright No. SR 107-850.  Defendants also reasonably focused on defenses relating to Copyright No. PAu 937-523, based on Valley's representations.  Copyright No. SR 107-850 was not a minor or trivial fact that Valley neglected to bring to the attention of Defendants.  Rather,

by failing to disclose Copyright No. SR 107-850, Valley failed to identify one of the most important facts relating to its copyright infringement claims. Despite having numerous opportunities to disclose Copyright No. SR 107-850, Valley failed to disclose the information concerning Copyright No. SR 107-850 in a timely manner. Valley's failure was not harmless, and to allow Valley to alter its case at this juncture would prejudice Defendants. Therefore, we grant Defendants' motion to strike the copyright registration for Copyright No. SR 107-850. In addition, for the reasons stated above, we grant Defendants' motion for summary judgment on the federal copyright infringement claims (Count I).

II. State Law Claims

Having resolved the federal claims in this case, we must determine whether to continue to exercise supplemental jurisdiction over the remaining state claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has stated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ."

*Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). We have considered all of the pertinent factors and, as a matter of discretion, we decline to exercise supplemental jurisdiction over the remaining state law claims, and such claims are dismissed without prejudice. Defendants' motion for summary judgment as to such claims (Counts II, III, and IV) and Defendants' partial motion for summary judgment seeking to limit the damages recovery is denied without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for summary judgment on the federal copyright infringement claims (Count I) and grant Defendants' motion to strike. We also deny without prejudice Defendants' motion for summary judgment on Counts II, III, and IV and Defendants' partial motion for summary judgment seeking to limit the damages recovery. Finally, we dismiss the remaining state law claims without prejudice.

                                                _____
                                                Samuel Der-Yeghiayan
                                                United States District Court Judge

Dated: February 17, 2010